IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA McCARTHY,

    Plaintiff,

vs.                                                  Civ. No. 99-1366 JP/RLP

RIO RANCHO PUBLIC SCHOOLS
BOARD, CARL HARPER, REINALDO
GARCIA, RICHARD MUENZER, and
SUE CLEVELAND,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 5, 2000, the Plaintiff filed a Motion to Strike (Doc. No. 21). Having reviewed the briefs and the relevant law, I find that the Motion to Strike should be granted.

The Plaintiff moves the Court to strike paragraph 12 of Walter Gibson's affidavit, paragraph 7 of Gary Hveem's affidavit, and the entire affidavit with accompanying attachments submitted by Susan Schmid. These affidavits are attached respectively as Exhibits E, F, and G to the Defendants' Memorandum in Support of Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 17), filed November 20, 2000.

A.  Paragraph 12 of Mr. Gibson's Affidavit

Paragraph 12 of Mr. Gibson's affidavit states that it was Mr. Gibson's "impression" that the Defendant School Board's abstinence-only policy on sex education reflected the Defendant School Board's understanding of the community's conservatism. The Plaintiff argues that this paragraph should be stricken because it is not based on personal knowledge as required under Fed. R. Civ. P. 56(e) and Fed. R. Evid. 602, and is hearsay under Fed. R. Evid. 802.

Without having to decide whether Mr. Gibson's impression of a matter constitutes personal knowledge or hearsay, I find that paragraph 12 of Mr. Gibson's affidavit should be stricken on the grounds of relevance under Fed. R. Evid. 401 and 402.  The Defendants' motion to dismiss or in the alternative for summary judgment concerns the Plaintiff's claims that her rights to free association, free speech, and privacy were violated when the Defendants failed to hire her as school nurse.  The Defendants' decision not to hire the Plaintiff was based on their perception that she would not be able to follow the Defendant School Board's abstinence-only policy.  This perception stemmed from the Plaintiff's statements to the Defendants as well as from the Plaintiff's prior employment with Planned Parenthood.  The origin and reason for adoption of the abstinence-only policy is not relevant to the Plaintiff's claims.

B.  Paragraph 7 of Mr. Hveem's Affidavit

Paragraph 7 of Mr. Hveem's affidavit states that he recalled that a sex education curriculum based on an abstinence-only policy was discussed at teacher orientation and staff meetings at the high school.  The Plaintiff objects to this paragraph on the grounds of hearsay.  The Defendants have failed to convince me that paragraph 7 is not hearsay or is permissible hearsay.  Consequently, I find that paragraph 7 of Mr. Hveem's affidavit should be stricken.

C.  Ms. Schmid's Affidavit and Attachments

Ms. Schmid, Defendants' legal assistant, submitted an affidavit summarizing Planned Parenthood's position on sex education which promotes abstinence-based sex education.  Attached to the affidavit are copies of pages taken from the Planned Parenthood website describing the organization's position on sex education as summarized by Ms. Schmid.  The Plaintiff argues that the affidavit and attachments should be stricken because Ms. Schmid has no

personal knowledge of the content of the website pages and that the website pages are hearsay. The federal courts are divided on the admissibility of website pages.  *See ACTONet, Ltd. v. Allou Health & Beauty Care*, 219 F.3d 836, 848 (8th Cir. 2000)(HMTL codes that present visual depictions of evidence are treated as photographic evidence); *Van Westrienen v. Americontinental Collection Corp.*, 94 F.Supp.2d 1087, 1109 (D. Or. 2000)(content of website is not hearsay); *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 968 F.Supp. 1171, 1175 (N.D. Tex. 1997)(affidavit with website images attached complies with Rule 59(e) personal knowledge requirement).  *See also United States v. Jackson*, 208 F.3d 633, 637 (7th Cir.), *cert. denied*, 121 S.Ct. 416 (2000)(web postings are hearsay); *Sea-Land Service, Inc. v. Atlantic Pacific Intern., Inc.*, 61 F.Supp.2d 1092, 1100 (D. Hawai'i 1999)(affiant does not have personal knowledge of information from website and this evidence is hearsay).  Rather than deciding a question novel to this District and Circuit, I find that Planned Parenthood's stance on sex education is not relevant to the Defendants' dispositive motion.  What is relevant is the Defendants' perception of Planned Parenthood's stance on education as gleaned from their own prior impressions of the organization and Plaintiff's statements.  For this reason, I find that Ms. Schmid's affidavit and its accompanying attachments should be stricken.

     IT IS ORDERED that Plaintiff's Motion to Strike (Doc. No. 21) should be granted.

     IT IS FURTHER ORDERED that the following are stricken from Defendants' Memorandum in Support of Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. No. 17):

    1.  Paragraph 12 of Walter Gibson's Affidavit (Exhibit E),

    2.  Paragraph 7 of Gary Hveem's Affidavit (Exhibit F), and

3. Susan Schmid's entire affidavit and accompanying attachments (Exhibit G).

_____
CHIEF UNITED STATES DISTRICT JUDGE